IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RICHARD DONALD LAWLER**                                                    **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 3:09cv135-HTW-LRA**

**LUTHER THAXTON**                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment, [ECF No. 30], filed by Plaintiff Richard Donald Lawler, and the Motion to Dismiss [ECF No. 35] filed by Defendant Luther Thaxton.  The Court has considered the Complaint and all pleadings, Plaintiff's sworn testimony given at the omnibus hearing, and the applicable law.  This review compels the Court to find that Defendant's motion is meritorious, and the Complaint  must be dismissed with prejudice.

**I.      Facts & Procedural History**[1]

Jurisdication of this case is based upon 42 U.S.C. § 1983.  According to his Complaint, as augmented by Lawler's sworn testimony at the Spears/omnibus hearing, Plaintiff is a convicted felon incarcerated in the custody of the Mississippi Department of Corrections at the Mississippi State Penitentiary at Parchman, Mississippi.  At the time of the omnibus hearing, August 9, 2010, Plaintiff was incarcerated in the Marion Walthall Regional Correctional Facility in Columbia, Mississippi.

---

[1]The facts are presented in the light most favorable to Plaintiff and are taken from his testimony and the written evidence submitted by him.

Plaintiff was housed in Parchman in 2002 - 2003.  At that time, Defendant Thaxton was the Area III maintenance superintendent at Parchman, and Plaintiff worked under his supervision in Area III maintenance.  According to Plaintiff, Defendant approached him and asked Plaintiff to give him money.  At first, Plaintiff refused, but he was afraid something would happen to him if he continued to refuse to give Defendant money.  He first thought that Defendant considered it a loan.  Defendant never actually threatened to do anything to him or cause him harm; he intimidated Plaintiff by his inferences and aggravated and impatient demeanor.  Plaintiff eventually made eleven wire transfers of funds to Defendant's account beginning January 28, 2002, and ending January 9, 2003, for a total of $8,050.00.  He requests that he receive a money judgment for the amount he gave Defendant, plus the transfer fees he incurred.

## II.     Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

### III.   Analysis

All parties concede that the wire transfers which are at the center of this controversy occurred over a thirteen-month period beginning January 28, 2002, and ending January 9, 2003.[2] This lawsuit was filed on March 5, 2009, over six years after the last payment was made. Defendant requests the Court to dismiss the Complaint against him because it is barred under the applicable statute of limitations.

According to Defendant, this § 1983 cause of action is governed by the three-year statute of limitations contained in Miss. Code Ann. § 15-1-49 (Supp. 2005). He cites *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990); *Shelby v. McAdory*. 781 F.2d 1053, 1054 (5th Cir. 1986); and, *Giles v. Stokes*, 988 So.2d 926 (Miss. App. 2008), in support of his defense.

Plaintiff has not rebutted Defendant's assertion that this case is barred by Mississippi's residual statute of limitations. The statute under which the Complaint was filed, 42 U.S.C. §1983, provides for no specified federal statute of limitations. For this

---

[2]See ECF No. 1, p. 5.

reason, federal courts borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Price v. San Antonio, Texas*, 431 F.3d 890, 892 (5th Cir. 2005). For cases brought in Mississippi, the three-year statute of limitations of Miss. Code Ann. § 15-1-49 (Supp. 2005) applies. *James v. Sadler*, 909 F.2d at 836; *Shelby v. McAdory*, 781 F.2d at 1054.

When a cause of action accrues is a matter of federal law. Federal law provides that the cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Levellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980)). Plaintiff certainly had reason to know of his injury at the time the last payment was made, January 9, 2003; the complaint should have been filed by January 9, 2006. Instead, it was filed on March 5, 2009--- over three years too late. No tolling provision has been argued.

For this reason, the Court finds that the complaint is untimely and must be dismissed with prejudice.

**IV.   Conclusion**

The Court finds that there are no genuine issues as to any material fact regarding the statute of limitations issue.

THEREFORE, it is hereby ordered that Defendant's Motion to Dismiss, ECF No. 35, is GRANTED. Plaintiff's Motion for Summary Judgment, ECF No. 30, is DENIED. The

Complaint is dismissed with prejudice, and a Final Judgment in favor of Defendant Luther Thaxton shall be entered on this date.

SO ORDERED, this the 29th day of November, 2010.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE